IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BERTHA HERNANDEZ, | § |
| Plaintiff, | § |
| v. | §   No.: EP-CV-18-00345 |
| DILLARD'S INC. | § |
| Defendant. | § |

## NOTICE OF REMOVAL

Defendant Dillard's Inc.[1] ("Defendant") files this Notice of Removal removing Cause No. 2018-DCV-3742 from the 171st District Court, El Paso County, Texas, to this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.

### I. PROCEDURAL BACKGROUND

1. On October 18, 2018, Plaintiff Bertha Hernandez ("Plaintiff") filed her Original Petition against Defendant in the 171st District Court, El Paso County, Texas, styled: *BERTHA HERNANDEZ v. DILLARD'S, INC.*, Cause No. 2018-DCV-3742. In her Original Petition, Plaintiff alleges disability discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code ("Chapter 21") and the Americans with Disabilities Act ("ADA").

2. Plaintiff served her Original Petition on Defendant on October 25, 2018, and Defendant filed its Answer on November 12, 2018. This removal is thus timely filed. True and correct copies of all pleadings served on Defendant are attached hereto.

---

[1] Dillard's, Inc. was not Plaintiff's employer. Plaintiff was employed by Dillard Texas Central, LLC, which consents to this removal.

1

## II.     FEDERAL QUESTION JURISDICTION

3. In her Original Petition, Plaintiff alleges causes of action arising under the ADA. 42 U.S.C. § 12101 *et seq*. Because Plaintiff's claims arise under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441(a).[2]

## III.    DIVERSITY JURISDICTION

### A.     There is Complete Diversity of Citizenship Between Plaintiff and Defendant

4. The District Courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that Defendant is now, and at the time the action was filed, diverse in citizenship from Plaintiff. Upon information and belief, Plaintiff is a resident of El Paso County, Texas and a citizen of the State of Texas. *See* Pl's Orig. Pet. at ¶ 1. Defendant is a Delaware corporation with its principal place of business in Arkansas. Thus, there is complete diversity of citizenship between Plaintiff and Defendant.[3]

---

[2] The Court can exercise supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction and occurrence as her federal claims such that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Indeed, the facts underlying Plaintiff's state law claims are the exact same facts underlying her federal claims. *See generally* Pl.'s Orig. Pet. In addition, as discussed below, the Court can exercise jurisdiction over all of Plaintiff's claims because there is diversity jurisdiction.

[3] Dillard Texas Central, LLC is also diverse in citizenship from Plaintiff. Dillard Texas Central, LLC is a Delaware limited liability company. Defendant Dillard Texas Central, LLC has as its sole member Dillard Texas East LLC, a Delaware limited liability company; Dillard Texas East, LLC, in turn, has Dillard Texas Four-Point, LLC, a Delaware limited liability company, as its sole member. Dillard Texas Four-Point, LLC, in turn, has Dillard Texas, LLC, a Delaware limited liability company, as its sole member. Dillard Texas, LLC, has DSS Uniter LLC, a Delaware limited liability company, as its sole member. Lastly, DSS Uniter LLC has as its sole member Dillard Store Services, Inc., an Arizona corporation with its principal place of business in Arizona. Therefore, there is complete diversity of citizenship between Plaintiff and her employer.

      **B.**    **The Amount in Controversy Requirement Is Met**

5.     Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). In her Original Petition, Plaintiff pleads that she is seeking to recover monetary damages of over $200,000 but not more than $1,000,000.00. Pl.'s Orig. Pet. p. 6. Thus, it is apparent from the face of Plaintiff's Original Petition that the amount-in-controversy in this case exceeds $75,000.

6.     Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

**IV.**    **PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE**

7.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

8.     Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the 171st District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

9.     True and correct copies of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

1574669v.1 08401/03700

10. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim.

Accordingly, Defendant hereby removes Cause No. 2018-DCV-3742 from the 171st District Court, El Paso County, Texas on this 12th day of November, 2018.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (FAX)

By: */s/ Clara B. Burns*
CLARA B. BURNS
State Bar No. 03443600.
Clara.Burns@kempsmith.com
JOSE A. GONZALEZ
State Bar No. 24067670
Abe.Gonzalez@kempsmith.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the attorneys for Plaintiff, Enrique Chavez, Jr. and Michael R. Anderson, Chavez Law Firm, 2101 Stanton St., El Paso, Texas 79902 on the 12th day of November, 2018.

- ❑ Regular Mail, Postage Prepaid
- ❑ Hand Delivery
- ❑ Certified Mail, Return Receipt Requested
- ❑ Electronic Transmission: enriquechavezjr@chavezlawpc.com; chavezlawfirm+manderson@chavezlawpc.com
- X Facsimile Transmission: (915) 351-7773

*/s/ Clara B. Burns*
CLARA B. BURNS

4