Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back     Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2018DCV3742

**Bertha Hernandez vs Dillard's, Inc.** §§§§§

Case Type: **Wrongful Termination**
Date Filed: **10/08/2018**
Location: **171st District Court**

---

**PARTY INFORMATION**

| | | **Lead Attorneys** |
|---|---|---|
| **Defendant** | Dillard's, Inc. | |
| **Plaintiff** | Hernandez, Bertha | ENRIQUE CHAVEZ, Jr. *Retained* 915-351-7772(W) |

---

**EVENTS & ORDERS OF THE COURT**

OTHER EVENTS AND HEARINGS
10/08/2018  **Original Petition (OCA)**      Doc ID# 1
10/08/2018  **E-File Event Original Filing**
10/12/2018  **Citation**
              Dillard's, Inc.                              Unserved

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Dillard's, Inc.**, which may be served with process by serving its registered agent, **CT CORP SYSTEM at, 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition with Jury Demand and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 8th day of October, 2018, by Attorney at Law, ENRIQUE CHAVEZ, JR., 2101 N. STANTON ST., EL PASO, TX 79902 in this case numbered **2018DCV3742** on the docket of said court, and styled:

**Bertha Hernandez vs. Dillard's, Inc.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition with Jury Demand and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 12th day of October, 2018.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the __22__ day of __Oct.__, 2018, at __4:00pm__ I mailed to __Dillard's Inc, c/o CT Corp System__ Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition with Jury Demand and Request for Disclosure attached thereto.

_____
Process Server
TITLE

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |



## RETURN OF SERVICE

Delivery was completed on _____, delivered to _____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided: _____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day
of _____, _____.

_____
Notary Public, State of _____
My commission expires: _____

Case 3:18-cv-00345-DCG   Document 1-3   Filed 11/12/18   Page 4 of 16

El Paso County - 171st District Court

Filed 10/8/2018 5:58 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV3742

BERTHA HERNANDEZ,

    Plaintiff,

v.

DILLARD'S, INC.,

    Defendant.

## PLAINTIFF'S ORIGINAL PETITION WITH JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff, Bertha Hernandez ("Employee Hernandez"), now complains of Defendant, Dillard's, Inc. ("Employer Dillard's"), and respectfully shows the court and jury as follows:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff, Bertha Hernandez, is a natural person residing in El Paso, Texas.

3. Defendant, Dillard's Inc., is a Foreign For-Profit Corporation whom may be served with process by serving its registered agent, CT CORP SYSTEM, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or wherever they may be found.

### III. VENUE

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Employee Hernandez' claims occurred in El Paso County, Texas.

## IV. CHRONOLOGY OF FACTS

5. Employers MUST provide a reasonable accommodation for disabled employees to safely protect such employees, like us all, from financial injuries and emotional trauma.

6. Employers MUST prevent retaliation against disabled employees who a request reasonable accommodation for their disability to safely protect such employees, like us all, from being fired and from emotional traumas.

7. Dillard's, Inc. is an employer.

8. Employer Dillard's is an employer which MUST provide reasonable accommodations for disabled employees to safely protect such employees, like us all, from financial injuries and emotional trauma.

9. Employer Dillard's is an employer which MUST prevent retaliation against disabled employees who request a reasonable accommodation for their disability to safely protect such employees, like us all, from being fired and from emotional traumas.

10. On or about August 9, 2016, Employer Dillard's hires a 22 year old female Employee as a Sales Associate in the Men's Clothing Department.

11. About five months later, on January 27, 2017, the Employee is raped in the men's fitting room while tending to a male customer in the Men's Clothing Department.

12. Employer Dillard's Security Guard Linda Gomez and Dillard's Employee Oscar Hoffman are immediately notified of the rape by the Employee within one hour or less after the rape occurs.

13. However, Employer Dillard's chooses to take no action.

14. Shortly thereafter, on February 9, 2017, Employer Dillard's is on notice the Employee is hospitalized because of the psychological trauma of the rape.

15. On February 11, 2017, Employer Dillard's via Manager Miguel Garcia receives the Employees request for a reasonable accommodation of transferring the Employee to any other department so that the Employee is not required to return to the Men's Clothing Department where she was raped.

16. Thereafter, at least every other day, Employer Dillard's receives the Employee's inquiry for the status of her request for a reasonable accommodation.

17. Then, on February 14, 2017, Employer Dillard's is on notice that the Employee files a police report about the rape.

18. On March 11, 2017, Employer Dillard's is then put on notice that the Employee suffers severe emotional trauma and is diagnosed with PTSD, a disability, as a result of the rape in the Men's Clothing Department.

19. Employer Dillard's Manager Cesar Garcia and Supervisor Miguel Garcia again receive the Employee's request for a reasonable accommodation for her disability, severe emotional trauma and PTSD.

20. Particularly, Employer Dillard's Manager Cesar Garcia and Supervisor Miguel Garcia receive the Employee's oral request to be moved, merely, to a different section of the same Dillard's store so that she would be out of the Men's Clothing Department where she was raped.

21. Employer Dillard's Manager Cesar Garcia responds to the Employee's request for a reasonable accommodation by telling the Employee, "Service is service," and "We are not going to move you just because you asked us to move you."

22. Employer Dillard's refuses to provide any reasonable accommodation to the Employee.

23. On March 13, 2017, Employer Dillard's Manager Cesar Garcia and Supervisor Miguel Garcia are again in receipt of the Employee's request for reasonable accommodation, in the form of a written memo attached to the Employee's Discharge Treatment Plan from the Employee's Medical Provider.

24. Through the March 13, 2017 memo, Employer Dillard's through its Manager Cesar Garcia and Supervisor Miguel Garcia receive the Employee's request to please reconsider her request for reasonable accommodation to her disability because the Employee needs her job.

25. Employer Dillard's Manager Cesar Garcia responds by reducing the Employee's pay rate and moving the Employee to another section within the men's department which positions the Employee further away from security, secludes her, and still requires the Employee to work in the Men's Clothing Department where she was raped.

26. Eight days after the Employee's latest request for a reasonable accommodation, on March 21, 2017, Employer Dillard's Manager Miguel Garcia tells the Employee her sales are down and that she has until her next review date, June 17, 2017 to improve.

27. However, on April 25, 2017, Employer Dillard's Manager Cesar Garcia cuts short the Employee's evaluation period and fires the Employee supposedly due to the Employee's "performance."

28. Employer Dillard's had never written-up the Employee before firing her.

29. The Employee is Bertha Hernandez.

## V. CAUSES OF ACTION

### DISABILITY DISCRIMINATION AND RETALIATION

30. Employee Hernandez was discriminated, retaliated against, and fired in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, which protects disabled employees from discrimination.

31. Employee Hernandez was discriminated, retaliated against, and fired in violation of the Americans with Disabilities Act as amended, and under the Americans with Disabilities Act Amendment Act, which protects employees from discrimination.

32. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VI. NOTICE OF RIGHT TO SUE

33. Attached as Exhibit A is the Notice of Right to Sue or Dismissal and Notice of Rights issued by the U.S. Equal Employment Opportunity Commission for Employee Hernandez.

## VII. HARMS AND LOSSES

34. Employee Hernandez seeks back pay, front pay, and/or lost wages and benefits in the past and future. Further, Employee Hernandez is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering inconvenience, and loss of enjoyment of life in the past and in the future.

35. Additionally, Employee Hernandez is entitled to recover punitive damages against Employer Dillard's because Employer Dillard's acted with malice, or, at least, with reckless and/or conscious indifference to Employee Hernandez' state-protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## VIII. JURY DEMAND

36. Employee Hernandez requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## IX. REQUEST FOR DISCLOSURE

37. Pursuant to Texas Rule of Civil Procedure 194, Employer Dillard's is requested to disclose the information and material described in Rule 194.2(a)-(k).

## X. PRAYER

Employee Hernandez prays that she recover from Employer Dillard's, actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to, past and future lost earnings, back pay and front pay, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, reinstatement, prejudgment interest, post judgment interest, costs and such other and further relief to which she may show herself to be justly entitled, in law and in equity. Damages sought are within the jurisdictional limits of the court.

SIGNED this 8th day of ___October___, 2018.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By: _____
**Enrique Chavez, Jr.**, State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson**, State Bar No.: 24087103
chavezlawfirm+manderson@chavezlawpc.com
*Attorneys for Plaintiff*

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Bertha Hernandez<br>110 South Festival Dr Apt D10<br>El Paso, TX 79912 | From: | El Paso Area Office<br>100 N. Stanton St.<br>6th Floor, Suite 600<br>El Paso, TX 79901 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2017-01025 | Roxana LaMotte,<br>Investigator | (915) 534-4198 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Lucy V. Orta,
Area Office Director

SEP 26 2018
*(Date Mailed)*

Enclosures(s)

cc:  Carol Koros
Legal Asst.
Dillard's
1600 Cantrell Road
Little Rock, AR 72201

Enrique Chavez, Jr.
CHAVEZ LAW FIRM PC
2101 N. Stanton Street
El Paso, TX 79902

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED Bertha Hernandez v. Dillard's, Inc._____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Enrique Chavez, Jr. | Email:<br>enriquechavezjr@chavezlawpc.com | Plaintiff(s)/Petitioner(s):<br>Bertha Hernandez | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>2101 N. Stanton St. | Telephone:<br>915.351.7772 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip:<br>El Paso / TX/ 79902 | Fax:<br>915.351.77773 | Defendant(s)/Respondent(s):<br>Dillard's, Inc. | Non-Custodial Parent: |
| Signature: | State Bar No:<br>24001873 | [Attach additional page as necessary to list all parties] | Presumed Father: |

2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions**<br>**(non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☒Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐Appeal from Municipal or Justice Court    ☐Declaratory Judgment              ☐Prejudgment Remedy
☐Arbitration-related                       ☐Garnishment                       ☐Protective Order
☐Attachment                                ☐Interpleader                      ☐Receiver
☐Bill of Review                            ☐License                           ☐Sequestration
☐Certiorari                                ☐Mandamus                          ☐Temporary Restraining Order/Injunction
☐Class Action                              ☐Post-judgment                     ☐Turnover

4. Indicate damages sought *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

IN THE 171ST DISTRICT COURT
EL PASO COUNTY TEXAS

| | |
|---|---|
| BERTHA HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2018-DCV-3742 |
| ) | |
| DILLARD'S, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant[1] answers Plaintiff's Original Petition as follows:

**GENERAL DENIAL**

1. Defendant denies all allegations in Plaintiff's Original Petition

2. Defendant reserves the right to supplement or amend this Answer as appropriate.

**AFFIRMATIVE DEFENSES**

3. Plaintiff's claims are subject to final and binding arbitration pursuant to an arbitration agreement between her and her employer.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. The Court lacks jurisdiction over some or all of Plaintiff's claims.

6. Plaintiff has failed to exhaust her administrative remedies.

7. Plaintiff's claims are barred by the applicable statute of limitations.

8. To the extent that Plaintiff seeks to recover for claims not raised in an underlying charge of discrimination or claims not timely filed in her charge, Plaintiff's claims are barred.

9. All employment decisions made and actions taken regarding Plaintiff were based

---

[1] Dillard's, Inc. was not Plaintiff's employer. Plaintiff was employed by Dillard Texas Central, LLC.

1

on legitimate, nondiscriminatory reasons.

10. To the extent that Plaintiff may be able to prove that an improper motive was a factor in any relevant employment decision at issue in this case, the same employment decision would have been made regardless of any improper motive.

11. Plaintiff's claims for damages are subject to the statutory caps set forth in Chapter 41 of the Texas Civil Practices and Remedies Code.

12. Plaintiff's claims for damages are subject to the caps set forth in Chapter 21 of the Texas Labor Code.

13. Plaintiff's claims for damages are subject to the caps applicable to the American with Disabilities Act.

14. Plaintiff has failed to mitigate her damages.

15. Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that Defendant receive all relief to which it is entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (FAX)

By:  */s/ Clara B. Burns*
CLARA B. BURNS
State Bar No. 03443600
Clara.Burns@kempsmith.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the attorneys for Plaintiff, Enrique Chavez, Jr. and Michael R. Anderson, Chavez Law Firm, 2101 Stanton St., El Paso, Texas 79902 on the 12th day of November, 2018.

- ❏ Regular Mail, Postage Prepaid
- ❏ Hand Delivery
- ❏ Certified Mail, Return Receipt Requested
- ❏ Electronic Transmission: enriquechavezjr@chavezlawpc.com; chavezlawfirm+manderson@chavezlawpc.com
- X  Facsimile Transmission: (915) 351-7773

*/s/ Clara B. Burns*
CLARA B. BURNS

3

1574659v.1 08401/03700